UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

MICHELIN NORTH AMERICA,
INCORPORATED,
　　　　　*Plaintiff-Appellee,*

v.

AMERIPOL SYNPOL CORPORATION,
　　　　　*Defendant-Appellant.*

No. 00-1962

Appeal from the United States District Court
for the District of South Carolina, at Greenville.
Margaret B. Seymour, District Judge.
(CA-98-3028-6-24)

Argued: March 1, 2001

Decided: March 29, 2001

Before KING and GREGORY, Circuit Judges, and
HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

## COUNSEL

**ARGUED:** John Charles Thomas, HUNTON & WILLIAMS, Richmond, Virginia, for Appellant. Nicholas M. Kouletsis, PEPPER HAMILTON, L.L.P., Cherry Hill, New Jersey, for Appellee. **ON BRIEF:** Thomas R. Gottshall, SINKLER & BOYD, P.A., Columbia, South Carolina; Gregory J. Blasi, HUBER, LAWRENCE & ABELL, New York, New York, for Appellant. Natalma M. McKnew, LEATH-

ERWOOD, WALKER, TODD & MANN, Greenville, South Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

## OPINION

PER CURIAM:

In this diversity action governed by New York law, Michelin North America, Incorporated ("Michelin") sought a declaratory judgment that Ameripol Synpol Corporation ("Ameripol") was required to indemnify Michelin pursuant to a 1992 Asset Purchase Agreement ("Agreement"). The district court granted judgment to Michelin. Finding no error, we affirm.

### I.

In 1992, Ameripol purchased two emulsion styrene butadiene rubber ("SBR") plants in Port Neches, Texas, from Michelin's predecessor-in-interest, The Uniroyal Goodrich Tire Company ("UGTC"). The Agreement contains the following provision:

> 2.6 Assumption of Liabilities. [Ameripol] . . . shall assume and agree to pay, satisfy, honor, and discharge all liabilities, obligations, debts, contracts and commitments . . . of any kind, character, or description, primarily Related to the Business . . . including but not limited to:
>
> A.
>
> * * *
>
> (viii) any and all claims, suits, actions, investigations or proceedings, involving the Business which, with respect to

> the complaining party, have not been commenced prior to or as of the Closing Date[.]

J.A. 135-36, 138. The Agreement defines the "Business" as "developing, manufacturing, and selling various types of [SBR] from its facility located at Port Neches, Texas[.]" J.A. 113. It defines "Related to the Business" as "related to, or used in connection with, or incurred in the course of conduct of the operations of the Business prior to the Closing." J.A. 124.

Ameripol's position is straightforward: it contends that the liabilities in question are not related to the business of SBR production. The liabilities stem from claims made in numerous toxic tort lawsuits, alleging various personal injuries were caused by butadiene emitted from the two SBR plants and by a third plant, the butadiene plant at Port Neches that supplies the SBR plants. Butadiene, a gaseous hydrocarbon, is the principal ingredient in SBR. The butadiene plant was constructed as part of an SBR facility, which includes the two SBR plants, and was formally co-owned by the owners of the SBR plants. The butadiene plant, however, was operated by a separate company, and has never been owned or operated by Ameripol.

Over the years, the two SBR plants and the butadiene plant, and the liabilities attached thereto, have had several changes in ownership. In 1979, Uniroyal, Inc. (a predecessor to UGTC) agreed to indemnify one of the owners, Texaco Inc., for a portion of the pre-1980 production of butadiene. That promise to indemnify encompasses the claims embodied in the toxic tort lawsuits. Undisputedly, Michelin was still bound by those obligations prior to the 1992 sale of the SBR plants to Ameripol. The issue of this case is whether the 1992 Agreement encompasses the 1979 indemnification obligations, or whether Michelin retained those indemnification obligations despite selling the SBR plants, and related liabilities, to Ameripol.

Ameripol has accepted responsibility for the toxic tort claims based on emissions from the two SBR plants, but has denied any obligation to indemnify Michelin for the toxic tort claims based on emissions from the butadiene plant. Ameripol contends that the butadiene plant is a separate business, and exists independently of the two SBR plants. However, the district court disagreed with Ameripol, and it

found that the production of butadiene at the Port Neches butadiene plant was primarily related to the business of the SBR plants, as defined by the Agreement.

## II.

We have fully considered the briefs and arguments of the parties, and we find ourselves in agreement with the district court. It properly concluded, applying the law of New York, that Michelin was entitled to summary judgment. We are therefore content to affirm the district court on the reasoning of its Order. *Michelin North America, Inc. v. Ameripol Synpol Corp.*, No. 6:98-3028-24 (D.S.C. Sept. 28, 1999).

*AFFIRMED*